IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIE S. CARROUTHERS, | ) | CIV. NO. 14-00262 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | APPLICATION TO PROCEED |
| vs. | ) | WITHOUT PREPAYING FEES OR |
| | ) | COSTS; AND (2) DISMISSING |
| PEPSI BOTTLING GROUP INC., | ) | COMPLAINT WITH LEAVE TO |
| | ) | AMEND |
| Defendant. | ) | |
| _____ | ) | |

## ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND

### I. INTRODUCTION

On June 4, 2014, Plaintiff Willie S. Carrouthers ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging that his former employer, Pepsi Bottling Group Inc. ("Defendant"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), when it terminated Plaintiff based on his race, color and/or national origin. That same day, Plaintiff also filed an Application to Proceed Without Prepaying Fees or Costs ("Application"). Doc. No. 2. Based on the following, the court: (1) GRANTS the Application; and (2) DISMISSES the Complaint with leave to amend.[1]

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for dispostion without a hearing.

## II. DISCUSSION

### A. Plaintiff's Application Is Granted

Plaintiff's Application indicates that he makes $805 every two weeks working at Roberts Hawaii Inc., makes $500 a month cleaning houses, and has $1,500 in a bank account. Doc. No. 2 ¶¶ 2-4. Plaintiff also has monthly bills, excluding basic living expenses such as food, totaling $2,200. *Id.* ¶ 6. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's Application.

### B. Plaintiff's Complaint Is Dismissed

#### *1. Standards of Review*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing *pro se*; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556

3

U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 679.

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly

committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

### 2. *Application to the Complaint's Allegations*

Title VII makes it an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. In support of Plaintiff's Title VII claim, the Complaint alleges:

> Pepsico stopped my workmans comp after one year, denied my wages, then terminated my employment while I was still under doctors care, and had not been release[d] to return to full time work; however I was released with restrictions, Pepsi gave me a letter saying that, they could no longer accomdate [sic] restrictions.
> Not only were other employees allowed to return to work after doctors release, but they were out longer

> than myself. Since 2007 [there] has been other []
> violations, that I was unawares of the limitations for
> filing. I believe if the court takes a look at the history of
> minoritys [sic] at this Pepsi facility it will find people in
> fault. After three months of restrictions of work, I was
> ask[ed] to do an[] IME, and other test.

Doc. No. 1, Compl. ¶¶ 4, 6.

These allegations are too conclusory to allege a plausible Title VII claim, and therefore fail to pass scrutiny under Rules 8 and 12(b)(6). As an initial matter, although Plaintiff checked the boxes on his Employment Discrimination Complaint form that he was discriminated against with respect to his race or color and national origin, nowhere in the Complaint does Plaintiff allege his race, color, and/or national origin. Further, the allegations regarding discrimination are entirely vague -- nowhere does Plaintiff describe in any manner his employment with Defendant, the nature of his medical leave from work, how his medical leave affected his ability to work for Defendant (whether Plaintiff was seeking to return to work with restrictions, etc.), and how Defendant's treatment of Plaintiff differed from other employees who do not share Plaintiff's race or color or national origin and who were also on medical leave. The court therefore DISMISSES the Complaint.[2]

---

[2] Although Plaintiff asserts that he was discriminated against based on his race, color, and/or national origin, the court cannot discern whether Plaintiff is also asserting a claim under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq*. The ADA prohibits

This dismissal is without prejudice -- "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). If Plaintiff chooses to file an Amended Complaint, he must do the following:

(1) He must clearly state how and when Defendant discriminated against him, as required by Federal Rule of Civil Procedure 8. In other words, Plaintiff should allege facts explaining what it is that Defendant did to him and how that amounts to discrimination; and

(2) He must clearly state what relief is being sought. In other words, if Plaintiff submits an Amended Complaint, he must explain what he would like the court to do.

---

an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Under the ADA, a plaintiff must show that he suffers from a disability, that he was able to perform the essential functions of the job with or without reasonable accommodation, and that he was subject to adverse employment action because of his disability. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). If Plaintiff is in fact asserting a claim pursuant to the ADA, he must allege sufficient plausible facts describing the basis of such claim.

In sum, the court DISMISSES the Complaint WITHOUT PREJUDICE. This dismissal means that Plaintiff is granted leave to file an Amended Complaint correcting, if possible, the deficiencies described above.

### III. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Application, and DISMISSES the Complaint with leave to amend. Plaintiff is granted until July 11, 2014 to file an Amended Complaint. An Amended Complaint will supercede the Complaint and must be complete in itself without reference to prior superceded pleadings. *E.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). The Amended Complaint must designate that it is the "Amended Complaint," and must be retyped or rewritten in its entirety -- it may not incorporate any part of the original Complaint by reference. *Ferdik v.*

///
///
///
///
///
///

*Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Failure to file an Amended Complaint by July 11, 2014 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 17, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Carrouthers v. Pepsi Bottling Grp.*, Civ. No. 14-00262 JMS-KSC, Order (1) Granting Application to Proceed Without Prepaying Fees or Costs; and (2) Dismissing Complaint with Leave to Amend